**UNITED STATES of America, Appellee,**

v.

**Ernest B. BOBERG, Appellant.**

**No. 77–1429.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1977.

Decided Dec. 2, 1977.

Donald L. Wolff (argued), Paul J. Passanante, Clayton, Mo., on brief, for appellant.

David M. Rosen, Asst. U. S. Atty. (argued), and Barry A. Short (former U. S. Atty.), St. Louis, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

Ernest Boberg appeals his jury conviction on two counts of knowingly making false statements before a United States Grand Jury, in violation of 18 U.S.C. § 1623 (1970). Boberg contends that the Government failed to make a submissible case, that the trial court erred in refusing to allow him to withdraw a pretrial stipulation, and that a new trial should be granted on the basis of newly discovered evidence. We have reviewed Boberg's contentions and affirm the conviction.

The charges against Boberg flow from a 1974 Internal Revenue Service investigation of the tax liability of Thomas Richardson, a former mayor of Maplewood, Missouri. Richardson's records disclosed that between 1970 and 1972 he had received several payments from Boberg, a real estate developer and contractor who had built several apartment complexes in Maplewood. An IRS agent interviewed Boberg on several occasions, and during the course of these interviews Boberg admitted a payment of $300 as an "unsecured loan" to Richardson and payments of $1,500 and $1,200, which he characterized as finder's fees for Richardson's help in locating property on which Boberg built apartment complexes. Boberg made his business records available to the agent and, at the agent's request, signed a statement describing the nature of the payments.

In 1976, a federal grand jury investigating Richardson for allegedly accepting illegal payoffs in connection with his official duties called Boberg as a witness twice. In both sessions Boberg affirmed his previous signed statement that the $1,500 and $1,200 payments were finder's fees.

Following these appearances, the grand jury indicted Boberg on three charges. Count I charged that Boberg attempted to obstruct and impede justice by presenting the grand jury with a check stub that had been altered to conceal a $300 payment. As evidence, the Government introduced cancelled check No. 1309 from Boberg's company, dated January 28, 1972, and made to the order of "cash," and the corresponding check stub, which contained the notations "Maplewood City Hall" and "for trash cash." The Government also introduced a photocopy of the same check stub made by the IRS agent during his search of Boberg's records. The language on the photocopy read "Maplewood City Hall" and "for T.R.

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

cash." The Government argued that Boberg, prior to testifying before the grand jury, had altered the stub to erase evidence of that payment to "T.R." or Thomas Richardson. The jury acquitted Boberg on that count.

Counts II and III charged that Boberg knew the $1,500 and $1,200 payments to Richardson were not finder's fees but nevertheless told the grand jury that they were, in violation of 18 U.S.C. § 1623. In particular, count II charged that Boberg willfully made a false declaration to the grand jury in testifying as follows:

Q. O.K. Now the $1,500 total that was generated.

A. Uh-huh.

Q. That was paid to Thomas Richardson for a finder's fee?

A. That's right.

Q. And that was for finding this land on Laclede Station?

A. Yes. . . .

Q. And then eventually you came to pay Richardson for telling you about this land?

A. For packaging it together, that's right.

Count III charged that Boberg willfully made a false declaration by testifying as follows:

Q. Now check # 715 for $1,200, you told the agent that you believed that that was a payment to Richardson as a finder's fee for finding the land on Lohmeyer?

A. Yes. . . .

Q. So this $1,200 would have gone to Richardson for the Lohmeyer land?

A. That's correct.

On these counts the Government argued that the payments were not finder's fees but were payoffs to enable Boberg to build his apartments without complying with the city's building code and zoning ordinance. As evidence that these payments were not "finder's fees," the sellers of the property testified that they had dealt solely with Boberg or his employee and not with Richardson. Indeed, one of the sellers testified

that she was not approached by Boberg, but had initiated the sale of the property herself. The two payments were made in cash, not by check, and Boberg's books and records reflected payments for purposes other than a finder's fee. Although the jury acquitted Boberg on count I, the evidence introduced on that charge supported a conclusion that Boberg consistently attempted to conceal the nature of his payments to Richardson. In addition, the Government presented evidence that Boberg did not comply with a local zoning ordinance requiring one and one-half parking spaces for every apartment unit. The jury convicted Boberg on counts II and III.

I.

Boberg moved for a judgment of acquittal at the close of the Government's case and again at the close of the trial, but the court denied his motions. On appeal, he contends that the court erred in submitting counts II and III to the jury because the prosecution failed to make a submissible case.

The Court of Appeals for the Fifth Circuit has set forth the elements that must be proved under 18 U.S.C. § 1623:

Five elements must be proved to establish a case under 18 U.S.C. § 1623 for perjury: (i) the declarant must be under oath, (ii) the testimony must be given in a proceeding before a court of the United States, (iii) the witness must knowingly make, (iv) a false statement, and (v) the testimony must be material to the proof of the crime. [*United States v. Whimpy*, 531 F.2d 768, 770 (5th Cir. 1976).]

Boberg argues that the Government failed to prove two of these elements beyond a reasonable doubt: (1) that the statements alleged in the indictment were false, and (2) that Boberg knew the statements were false when made.

After reviewing the record, we conclude that the Government introduced sufficient evidence to sustain the verdict. The Government's evidence showed payments made under suspicious circumstances and a pattern of concealing the true nature

of the payments. Testimony of witnesses indicated that Richardson had played no part in finding or packaging the property purchased by Boberg, undermining Boberg's claim that the payments were "finder's fees." Moreover, the transcripts of testimony before the grand jury, along with testimony of the IRS agent who had interviewed Boberg, showed a pattern of inconsistent statements that could have affected the jury's assessment of Boberg's credibility. The Government's evidence was sufficient to support the jury's conclusion that Boberg knowingly made a false statement to the grand jury when he stated that the payments were finder's fees. When there is substantial evidence to support the jury's verdict, that verdict must stand. *Hamling v. United States*, 418 U.S. 87, 124, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Lambros*, 564 F.2d 26 (8th Cir. 1977).

## II.

■ Boberg contends that the trial court erred in denying his request to withdraw from a stipulation that the Government's exhibit 19 included a true and accurate copy of ordinance No. 3279 of Maplewood. Section 1 of that ordinance provided that "one parking space shall be provided for each apartment dwelling unit." Above the word "one" the handwritten phrase "& ½" had been inserted. All other parts of the ordinance on the copy were typewritten.

During trial a disagreement arose as to the meaning of the stipulation, Boberg arguing that he merely stipulated that the copy of the ordinance was a true and accurate *copy* but that he did not concede that the copy communicated the true *requirements* of the ordinance. Throughout the trial and this appeal Boberg maintained the position that, either by law or by custom, the city required only one parking space per unit. When the court refused to recognize his interpretation of the stipulation, Boberg moved to withdraw the stipulation. The court denied the motion.

The record shows that the court's denial of the motion did not prejudice Boberg. The court's action neither bound Boberg to the stipulation nor allowed the Government to rely solely on the stipulation to prove its case. The court allowed Boberg to testify that he thought the city required only one parking space per unit and that other apartment complexes in the city afforded but one parking space per unit. In addition, Boberg's architect testified that he, too, thought the city required only one parking space. The Government introduced testimony by the current city engineer and the former building inspector of Maplewood that one and one-half parking spaces per unit were required. This contention of prejudicial error is therefore without merit.

## III.

After his conviction, Boberg discovered a compilation of city ordinances that, he claims, contain a provision requiring only one parking space per unit for his apartments. On the basis of this "newly discovered evidence," Boberg asks this court to grant him a new trial. Affidavits by Boberg and his attorney state that the new compilation of ordinances was not discovered until after the trial.

■ Boberg raises this issue for the first time on appeal. The proper procedure for obtaining a new trial on the basis of newly discovered evidence is by a motion to the trial court. Fed.R.Crim.P. 33. The decision whether to grant a new trial lies in the sound discretion of the trial court. *United States v. Pope*, 415 F.2d 685, 691 (8th Cir. 1969), *cert. denied*, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1970); *Edwards v. United States*, 361 F.2d 732, 734 (8th Cir. 1966). We therefore decline to reach this issue.

## IV.

■ We feel compelled to comment on the nature of this prosecution. The prosecutor's interrogation of Boberg before the grand jury consisted almost entirely of leading questions. The indictments rest upon Boberg's somewhat cryptic responses

to those questions. This kind of interrogation always creates a great risk that the witness will misunderstand the questions or that the prosecutor will put words in the witness' mouth. We think that a grand jury witness, particularly one who may be the target of a prosecution, ought to be given a fair opportunity to respond fully to questions and not be limited to the "yes" or "no" that typifies answers to leading questions. We intend this comment as a fair warning to prosecutors that we shall strictly scrutinize for fairness any indictment and conviction for perjury before a grand jury that rests upon a witness' responses to leading questions asked by a United States Attorney or Assistant United States Attorney. In the present case, our reading of the record of the grand jury proceedings, supplemented by certain evidence presented at the trial, convinces us that the prosecutor's leading questions did not mislead Boberg as a grand jury witness.

Finding no prejudicial error, we affirm the conviction without prejudice to any motion to the district court for a new trial on the grounds of newly discovered evidence. *See* 2 C. Wright, *Federal Practice and Procedure* 535 (1969).