**UNITED STATES of America, Appellee,**

v.

**Ronald A. SABLOSKY, Appellant.**

**No. 86–5300.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1986.

Decided Jan. 23, 1987.

Rehearing Denied March 2, 1987.

Patrick J. Kane, Sioux Falls, S.D., for appellant.

Robert A. Mandel, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and HANSEN,* District Judge.

* THE HON. DAVID R. HANSEN, United States District Judge for the Northern District of Iowa, sitting by designation.

MAGILL, Circuit Judge.

Ronald A. Sablosky appeals the district court's [1] order sentencing him to one year's imprisonment based on a jury verdict of perjury in violation of 18 U.S.C. § 1623. The primary issue on appeal is whether Sablosky's alleged perjured statements were material to the proceeding at which they were made. We affirm.

## I. BACKGROUND.

The perjury at issue in the present case occurred during Sablosky's trial in May and June of 1984. The trial involved a total of nine defendants indicted for conspiracy and various fraudulent uses of mail, wire and interstate transportation. Bernard Thirion, the central figure in the alleged conspiracy, was also charged, but was not present at the 1984 trial.

Sablosky's defense in the 1984 trial was that to the extent that he was involved with the conspirators, he was engaged in legitimate activities as Thirion's attorney. In support of his defense, Sablosky offered a tape recording of a telephone conversation in which he and Thirion discussed plans for Sablosky to move from New York and join Thirion in California, and Thirion instructed Sablosky to create several new corporations. Thirion allegedly had made the call from California to Sablosky in his New York apartment, which Sablosky was sharing with his brother, Perry Morgen. The recorded conversation lasted for 28 minutes, including a 50–second interruption about 8 or 9 minutes before the end.

The perjury alleged in the present case occurred during the direct examination of Sablosky by his attorney, in laying foundation for introduction of the tape, as follows:

Q  Is there some interruption in the tape?

A  Yes, there is.  There is maybe 45 seconds or something.

Q  And what occurred to cause that interruption?

1.  The Honorable John B. Jones, United States District Judge for the District of South Dakota.

A The rubber suction cup to the telephone pick-up, I guess just lost its suction or something and must have fallen off and by the time I discovered it and put it back on, some time had gone by.

After this testimony, the government requested permission to examine the tape and, on rebuttal, called an FBI agent who testified that the interruption was caused by four erasures.

In February 1986, Sablosky was indicted for making false declarations in the above-cited testimony. The government's perjury case was based on the expert testimony of the FBI agent that the tape had been intentionally erased. Sablosky's defense consisted of testimony that at one point in his phone call with Thirion the recorder had detached from the telephone receiver. He also presented testimony that the same tape had subsequently been used by his brother, resulting in the erasure. Sablosky contended that he did not learn that his brother had used the tape until after the 1984 conspiracy trial. Thus at the time of the 1984 trial, he had no reason to believe that the interruption in the tape was caused by anything other than the detachment of the recording device during his conversation with Thirion.

Following a two-day trial, the jury returned a verdict of guilty, and the district court entered its judgment and commitment order. Sablosky was released on bond pending the appeal.

## II. DISCUSSION.

Sablosky argues that his alleged false statement regarding the cause of the interruption in the tape was not material to the issues in the 1984 conspiracy trial so as to constitute perjury under 18 U.S.C. § 1623. He asserts that no claim or proof was made that the material in the 50–second interruption related to his alleged involvement in the conspiracy which was the subject of the 1984 trial.

■ To establish a perjury case under 18 U.S.C. § 1623, the government must prove that (i) while under oath, and (ii) testifying in a proceeding before a court of the United States, (iii) the defendant knowingly made, (iv) a false statement, and (v) the testimony was material to the proof of the crime. *United States v. Boberg*, 565 F.2d 1059, 1061 (8th Cir.1977). The test for the fifth element of perjury, materiality, is whether the alleged false testimony was capable of influencing the tribunal on the issue before it. *United States v. Jackson*, 640 F.2d 614, 616 (8th Cir.1981). The perjured statement need not be material to any particular issue, but may be material to any proper matter of inquiry, including the credibility of a witness. *Id.* at 616–17; *see also United States v. Scivola*, 766 F.2d 37, 44 (1st Cir.1985).

■ The alleged perjured statement in the present case clearly related to the integrity of the evidence and Sablosky's credibility as a witness in the 1984 trial. In this regard the false statement might have influenced the fact-finder at the 1984 trial in deciding the questions before it.

Accordingly, we conclude that the district court did not err in holding that the alleged false statement met the test of materiality under 18 U.S.C. § 1623. The testimony given by Sablosky was materially false and this knowingly false declaration was proven beyond a reasonable doubt at trial by the government.

We have reviewed Sablosky's remaining arguments and deem them without merit. Therefore, the judgment of the district court is affirmed.