**UNITED STATES of America, Appellee,**

v.

**Donald KEKICH, Appellant.**

No. 78–1652.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1978.

Decided Jan. 22, 1979.

William E. Sorrell, Clayton, Mo., on brief, for appellant.

Robert D. Kingsland, U. S. Atty., and Ronald E. Jenkins, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Donald Kekich appeals from his conviction for knowingly making false material declarations under oath before a grand jury, in violation of 18 U.S.C. § 1623 (1976).[1] In seeking to overturn the conviction, Kekich contends that (1) the prosecution failed to prove the materiality of the information sought from him by the grand jury, and (2) wiretap evidence used at trial to establish the falsity of his grand jury testimony should have been suppressed because the Government failed to provide him with an inventory of his recorded conversations. These contentions are without merit. We affirm the conviction.

I. *Facts.*

In November 1975, the FBI obtained court authorizations to monitor and record incoming and outgoing calls from two St. Louis, Missouri, telephone numbers. The FBI investigation employing these wiretaps aimed at disclosure of an illegal gambling operation. Donald Kekich was not named as a potential interceptee in the wiretap applications or in the court orders, because the FBI lacked probable cause to believe that Kekich would be a subject in the investigation.

The FBI intercepted certain telephone calls that Kekich made to the wiretapped telephone numbers. The recorded conversations included Kekich placing a bet on horse races with one subject of the investigation and discussions between Kekich and two other subjects concerning settling gambling accounts. Kekich was never served with an inventory of his recorded conversations.

During August 1976, Kekich was called to testify before a grand jury for the United States District Court for the Eastern District of Missouri, then investigating the bookmaking activities of several individuals to determine whether those activities violated federal law. Under oath, Kekich denied knowing the gamblers under investigation, denied making a call to the gamblers' telephone number, and denied any recollection of placing several bets on horseracing with the subjects of the investigation.[2] This grand jury testimony is flatly contradicted by the recorded phone conversations, and its knowing falsity is unquestioned on this appeal.

II. *Materiality of the False Declarations.*

Gambling operations are illegal under federal law only if conducted by five or more persons. 18 U.S.C. § 1955(b)(1) (1976). The record discloses that the bookmaking operation under investigation by the grand jury consisted of two "sides," one handling bets on horseracing and the other dealing with football betting. Neither side involved five or more persons as operators of the business, so, in order to establish that the gamblers' operation was illegal, the Government had to produce evidence linking the two sides.

The evidence establishes that Kekich falsely refused to identify, as persons with whom he spoke regarding gambling activities, Joseph Powers and Glenn Rinks. Powers maintained records primarily for the horseracing side of the operation, while Rinks was involved on the football side. If Kekich had truthfully responded to the questions asked before the grand jury concerning his contacts with those persons, he would have provided evidence linking the two sides of the gambling operation. Thus,

---

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, imposed a sentence of three years. However, Judge Meredith suspended the final 30 months of that sentence, ordering that Kekich be confined in a "jail-type institution" for 6 months, to be followed by 30 months' probation.

2. It is undisputed that Kekich participated only as a bettor, and not as an operator, in the gambling activities under investigation by the grand jury.

Kekich's false testimony tended to interfere with a line of inquiry relevant to the grand jury investigation even though the grand jury possessed other evidence which eventually proved sufficient to link the two sides. As such, the testimony was material.[3] *See United States v. Phillips,* 540 F.2d 319, 328 (8th Cir.), *cert. denied,* 429 U.S. 1000, 97 S.Ct. 530, 50 L.Ed.2d 611 (1976). *Cf. United States v. Howard,* 560 F.2d 281, 284 (7th cir. 1977) (dictum; potential interference with a line of inquiry establishes materiality).

### III. *The Failure to Serve an Inventory.*

 Kekich contends that the Government's failure to serve upon him an inventory of his intercepted communications violated 18 U.S.C. § 2518(8)(d) (1976)[4] and required suppression of those conversations.

We are not persuaded that the Government violated section 2518(8)(d) here. The Government timely furnished to the district judges who authorized the wiretaps a list of persons participating in intercepted conversations. That list named Kekich as an interceptee, though not as a person to be charged for conducting the gambling operation. As Kekich was not a target of the investigation and was not named in the orders authorizing the wiretaps, he was among "such other parties to intercepted communications as the judge [who authorized the wiretap] may determine in his discretion [to serve with an inventory of his intercepted conversations] in the interest of justice[.]" 18 U.S.C. § 2518(8)(d). The authorizing judges here made no determination that justice required service of an inventory notice upon Kekich.

Further, assuming *arguendo* a violation of section 2518(8)(d), Kekich's contention that his intercepted conversations should have been suppressed is foreclosed by *United States v. Donovan,* 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977), in which the Court held that the Government's failure to fully comply with the service requirement of section 2518(8)(d) does not necessitate suppression of otherwise lawfully obtained wiretap evidence.

Affirmed.

---

**3.** Materiality is a question of law for the court. *Sinclair v. United States,* 279 U.S. 263, 298, 49 S.Ct. 268, 73 L.Ed. 692 (1926); *United States v. Koonce,* 485 F.2d 374, 380 (8th Cir. 1973).

**4.** 18 U.S.C. § 2518(8)(d) provides, in relevant part:

    (d) Within a reasonable time but not later than ninety days after * * * the termination of the period of an order [authorizing a wiretap] or extensions thereof, the issuing * * * judge shall cause to be served, on the persons named in the order or the application, and [on] such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory * * *.