UNITED STATES of America, Appellee,

v.

Jessie Lee JACKSON, Appellant.

No. 80–2107.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1981.

Decided May 13, 1981.

William E. Benton, Evans Benton, Eaton & Benton, North Little Rock, Ark., for appellant.

George W. Proctor, U. S. Atty., Sherry P. Bartley, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Jessie Lee Jackson appeals from his conviction for perjury in violation of 18 U.S.C. § 1623(a). The charge arose from untruthful statements allegedly made by Jackson at a hearing conducted pursuant to 28 U.S.C. § 2255. The hearing was held to determine whether the failure of Jackson's court-appointed attorney to file an appeal from an earlier robbery conviction constituted ineffective assistance of counsel.

The primary issue on appeal is whether the district judge who presided at the perjury trial[1] had sufficient evidence before him to determine that defendant's sworn

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

statements were material to the proceeding at which such statements were made. *See* 18 U.S.C. § 1623(a). We hold that he did and affirm Jackson's perjury conviction.

The circumstances leading to the perjury conviction can be briefly stated. On May 24, 1979, Jackson was convicted by a jury of armed robbery of a United States Post Office. Prior to his sentencing hearing, Jackson requested a meeting with the two United States assistant attorneys who had prosecuted his case. This meeting was held on May 31, 1979, at the Pulaski County Jail. Jackson's attorney, Robert Newcomb, was also present. According to all three attorneys' subsequent testimony, Jackson at that time confessed to the post office robbery; he did so against the advice of his attorney. Jackson requested that the sentencing judge be made aware of his "cooperation."

On June 20, 1979, the Honorable Elsijane T. Roy sentenced Jackson to twenty-five years imprisonment, the maximum sentence allowable on the robbery conviction. No appeal was taken from the conviction or sentence.

Thereafter, Jackson filed a petition for relief under 28 U.S.C. § 2255, alleging that the failure of his attorney to file an appeal constituted ineffective assistance of counsel. He moved the district court to vacate his sentence, and for leave to file an appeal. A hearing was held on April 8, 1980. Robert Newcomb, Jackson's attorney for the robbery trial, testified that Jackson had told him that he did not want an appeal taken from either his robbery conviction or the sentence imposed. Newcomb also testified regarding Jackson's May 31, 1979, meeting with the prosecutors. He stated that Jackson confessed to the robbery despite Newcomb's warning that if he confessed, an appeal from the conviction would be useless.

By contrast, Jackson testified that he had never informed his counsel that he did not want an appeal but, rather, had desired an appeal and understood that Newcomb would file one. Jackson also vigorously denied that he had ever confessed to the post office robbery. Judge Roy found much of Jackson's testimony "incredible" and denied the requested relief. Judge Roy specifically ruled that testimony regarding Jackson's confession was relevant to the question of whether effective assistance of counsel had been rendered.

The government subsequently prosecuted Jackson for perjury on the ground that his testimony at the § 2255 hearing denying the alleged confession was false. Prior to trial, United States District Judge Henry Woods entered an order excluding from the perjury trial any reference to Jackson's robbery conviction, and to the nature of the April 9, 1980, § 2255 hearing. The perjury charge was tried to a jury on November 14, 1980, and a guilty verdict was returned. Jackson was sentenced to two years imprisonment, the sentence to run concurrently with the prison term he was already serving.

Jackson contends on appeal that the trial judge erred in instructing the jury that the alleged misstatements were material to the § 2255 hearing at which they were made.[2] Specifically, he argues that there was insufficient evidence in the record on which to base such a finding. This contention is without merit.

■■■ The test for materiality is whether the alleged false testimony was capable of influencing the tribunal on the issue before it. *United States v. Giarratano*, 622 F.2d 153 (5th Cir. 1980); *United States v. Cuesta*, 597 F.2d 903 (5th Cir.), *cert. denied*, 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 377 (1979); *United States v. Gugliaro*, 501 F.2d 68, 71 (2d Cir. 1974). The statements need

---

**2.** 18 U.S.C. § 1623(a) provides, in part, that: "Whoever under oath * * * in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any *false material declaration* * * * shall be fined not more than $10,000 or imprisoned not more than five years, or both." (Emphasis added.) The issue of materiality in a perjury case is for the

court to decide as a matter of law. *United States v. Damato*, 554 F.2d 1371, 1373 (5th Cir. 1977); *Tasby v. United States*, 504 F.2d 332, 337 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975); *United States v. Edwards*, 443 F.2d 1286, 1294 (8th Cir.), *cert. denied*, 404 U.S. 944, 92 S.Ct. 295, 30 L.Ed.2d 259 (1971).

not be material to any particular issue, but may be material to any proper matter of inquiry. *United States v. Giarratano, supra,* 622 F.2d at 156; *United States v. Cuesta, supra,* 597 F.2d at 921.

■ The record indicates that the trial court had a significant amount of information before it when it made its finding that appellant's false testimony was material to the § 2255 proceeding. The motion papers and the order granting the defendant's motion *in limine* in the perjury case revealed that the defendant had earlier been convicted of robbery and had subsequently sought post-conviction relief for the alleged ineffectiveness of his counsel. Testimony at the perjury trial indicated that after the robbery trial, the defendant had confessed to the robbery against the advice of his attorney. Testimony further revealed that the defendant recanted this confession at the § 2255 hearing. The transcript of the § 2255 hearing clearly shows that this false testimony was "material" for at least two reasons: First, the issue of whether or not the defendant confessed to the robbery directly bore on the matter before the court— whether the attorney's failure to file an appeal from that conviction deprived the defendant of effective assistance of counsel. Jackson's attorney testified that he had warned the defendant that his confession would render an appeal useless no matter what the grounds; that even if he obtained a new trial, the confession would cure any evidentiary insufficiencies found present in the first trial. Second, the transcript reveals a direct conflict between the defendant and his attorney's testimony regarding a key issue—whether or not the defendant desired an appeal. The defendant's testimony that he did not confess to the robbery, in contravention to his attorney's testimony that he had, was certainly capable of influencing the court's evaluation of the two parties' credibility. We note that it is not necessary that the false statement actually influenced or misled the trial court at

the § 2255 hearing, but only that it was *capable* of doing so. *United States v. Giarratano, supra,* 622 F.2d at 156 n.7.

■ There is some dispute as to whether the § 2255 hearing transcript was considered as evidence of materiality. A fair reading of the perjury transcript, however, would indicate that the trial court did have the transcript of the § 2255 hearing before it. At the perjury trial, the government moved the entire transcript into evidence. The defense counsel objected and both parties agreed that an excerpted portion, containing only the defendant's testimony recanting the alleged confession, would be entered into evidence and read to the jury. This resolution was entirely appropriate. Since the question of materiality is to be decided by the court, evidence bearing on materiality should be received outside the presence of the jury. *United States v. Damato,* 554 F.2d 1371, 1373 (5th Cir. 1977). The judge stated that he saw "no need" to introduce the entire transcript into evidence. This was a proper decision as there clearly *was* no need to introduce the transcript. The court could "take judicial notice, whether requested or not * * * of its own records and files, and facts which are part of its public records * * *. Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." *St. Louis Baptist Temple, Inc. v.. F.D.I.C.,* 605 F.2d 1169, 1172 (10th Cir. 1979). *See Woodmar Realty Co. v. McLean,* 294 F.2d 785 (7th Cir. 1961), *cert. denied,* 369 U.S. 803, 82 S.Ct. 643, 7 L.Ed.2d 550 (1962).

Furthermore, even without the transcript of the § 2255 hearing, the trial court had sufficient evidence of materiality before it. The district court file contained Judge Roy's Findings of Fact and Conclusions of Law from the § 2255 hearing, providing the court in the perjury trial with complete information regarding the nature of the § 2255 hearing.[3]

---

3. Judge Roy submitted, *inter alia,* the following Findings of Fact:

    4. The petitioner never instructed his court-appointed trial counsel to file an appeal nor did he express a desire for an appeal.

5. Following his conviction but prior to the imposition of sentence the petitioner gave a statement, in the presence of his court-appointed attorney and two Assistant United States Attorneys for the Eastern District of

■ It clearly would have been preferable if the government had introduced relevant portions of the transcript, or other complete evidence of the nature of the § 2255 hearing, into the record in chambers. This Court would similarly have been aided by an express indication of what evidence. was relied on by the trial court in making its materiality determination. However, under the circumstances of this case, we see no reason to assume that the trial judge failed to review the information before him. The government did attempt to introduce the § 2255 hearing transcript, it was physically present at trial and was not received only because of defense counsel's broadly phrased objection to it. The defense counsel did not contend at the trial court level that the judge did not have adequate evidence of materiality before him. Counsel made new trial motions on several grounds, both during and after the trial, but did not raise this issue. We decline to accept defendant's belated argument that the trial court ignored clearly relevant information readily accessible to it.

■ The defendant raises various additional arguments on appeal: that the trial court violated the order granting a motion *in limine* by reading to the jury portions of the indictment concerning the nature of the § 2255 hearing, and by allowing testimony regarding the defendant's desire to have his cooperation with the government be made known to the sentencing judge; that the district court erred in not granting a mistrial based upon alleged improper communications between a juror and a third party; and, finally, that the district court erred in

allowing into evidence a letter written by prosecution witnesses to Judge Roy. We have carefully reviewed the record and the briefs of the parties and conclude that these claims are without merit. We affirm the conviction.

---

· Arkansas, acknowledging his participation in the offense alleged in count II of the indictment.

6. The petitioner was warned by his court-appointed counsel that if the petitioner gave a post trial incriminating statement the statement could be used against the petitioner in subsequent proceedings. The petitioner was also advised by his court-appointed lawyer that if the petitioner elected to give a post trial incriminating statement he would, in effect, nullify any benefit which might be attained through direct appeal of his conviction.

7. Notwithstanding his court-appointed lawyer's warnings, the petitioner freely and voluntarily gave a post trial incriminating statement in the presence of two Assistant United States Attorneys.

8. The petitioner's court-appointed trial attorney is experienced and well qualified in the area of criminal defense work. The petitioner was accorded effective representation by his court-appointed lawyer at trial and at all stages ancillary thereto.