UNITED STATES of America, Appellee,

v.

Judith Ann OSTERTAG, Appellant.

No. 81–1377.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1981.

Decided Feb. 9, 1982.

Thomas L. Zimney, argued, Vaaler, Gillig, Warcup, Woutat, Zimney & Foster (Chartered), Grand Forks, N. D., for appellant.

James R. Britton, U. S. Atty., Lynn E. Crooks (argued), and Gary Annear, Asst. U. S. Attys., Fargo, N. D., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and COLLINSON,* Senior District Judge.

McMILLIAN, Circuit Judge.

Judith Ann Ostertag appeals from the final judgment entered in the District Court[1] for the District of North Dakota finding her guilty of making false, material declarations under oath before a grand jury, in violation of 18 U.S.C. § 1623

(1976).[2] For reversal appellant argues that the district court erred in (1) denying her motion for judgment of acquittal, and (2) finding that the alleged false declarations were material. For the reasons discussed below, we affirm the district court.

On September 6, 1979, appellant was convicted of violating 18 U.S.C. § 2314 (interstate transportation of stolen property valued in excess of $5,000). Her conviction was affirmed by this court in *United States v. Ostertag*, 619 F.2d 767 (8th Cir. 1980). A complete statement of the facts is set forth in that opinion and will not be repeated here. In summary, appellant was convicted of bilking Mrs. Cyrilla Bangs, an elderly Grand Forks, North Dakota, woman (the victim), out of $37,000 in cash and $20,000 in jewelry by playing a confidence game known as pigeon-dropping. Appellant, using the name Susan Wilson, and another woman, using the name Gail Baker, transported the victim and her assets from place to place in a Ford Thunderbird before leaving the victim at a service station in East Grand Forks, Minnesota, and absconding to Canada. Wilson and Baker were assisted by an unidentified male who communicated with Baker and the victim by telephone.

Appellant was the only person arrested for the swindle. Baker and the unidentified male are still at large and their true identities are unknown. In addition, none of the cash or jewelry has been recovered. The evidence against appellant was the victim's identification of her as Susan Wilson, and handwriting and fingerprint evidence linking appellant to the Ford Thunderbird. Appellant did not take the stand at trial and her defense consisted primarily of challenging the credibility of the victim's identification of her as Susan Wilson.

Subsequent to her conviction appellant was granted immunity and ordered to testi-

---

* The Honorable William R. Collinson, United States Senior District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota.

2. 18 U.S.C. § 1623 provides in relevant part:
   Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

fy before the grand jury. At that hearing appellant admitted her conviction and the fact that the victim had identified her as Susan Wilson. Appellant also admitted that she was in Grand Forks, North Dakota, at the time the swindle occurred and that she was traveling with a woman calling herself Gail Baker. However, appellant denied having known the victim and also denied her involvement in the pigeon-dropping scheme.

Appellant was subsequently indicted for perjury based on her denial of involvement in the swindle. At trial the government's evidence included the testimony of the victim again identifying appellant as Susan Wilson, the testimony of the FBI agent who conducted the photo lineup, and the transcript of appellant's § 2314 trial. The government also introduced the transcript of appellant's testimony before the grand jury to demonstrate that appellant's denials were material to the grand jury's investigation. Appellant made a motion for judgment of acquittal on the grounds of insufficient evidence and lack of materiality. The trial court denied the motion and found her guilty of perjury pursuant to 18 U.S.C. § 1623.

On appeal appellant first argues that the government did not establish the scope of the grand jury's investigation because it did not introduce the entire transcript of the grand jury proceeding. In support of her argument appellant states that the only evidence of the scope of the investigation was contained in the indictment which is not sufficient proof of materiality under *United States v. Cosby*, 601 F.2d 754 (5th Cir. 1979). Appellant next argues, relying on *United States v. Lasater*, 535 F.2d 1041

(8th Cir. 1976), that her alleged false declarations were not material because her denial of involvement in the swindle did not prevent the government's attorney from questioning her about appellant's knowledge of others' activities. In response the government argues that appellant's testimony before the grand jury demonstrated that one purpose of the investigation was to learn the identities of appellant's confederates and that appellant's denial of involvement in the swindle hindered its investigation. Finding the government's contentions correct, we affirm appellant's conviction.[3]

■ Materiality is an essential element of an offense charged under 18 U.S.C. § 1623. *E.g., United States v. Beitling*, 545 F.2d 1106 (8th Cir. 1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1334, 51 L.Ed.2d 596 (1977); *United States v. Koonce*, 485 F.2d 374 (8th Cir. 1973); *see also United States v. Damato*, 554 F.2d 1371 (5th Cir. 1977). The test of materiality is "whether or not the statements alleged to be perjurious tend to impede or hamper the course of the investigation by the grand jury." *United States v. Phillips*, 540 F.2d 319, 328 (8th Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 530, 50 L.Ed.2d 611 (1976), *citing United States v. Lasater, supra*, 535 F.2d 1041; *United States v. Koonce, supra*, 485 F.2d at 380; *LaRocca v. United States*, 337 F.2d 39, 43 (8th Cir. 1964). The statements need not be material to any particular issue, but may be material to any proper matter of inquiry. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981); *United States v. Whimpy*, 531 F.2d 768, 770 (5th Cir. 1976). The government bears the burden of proving that the defendant's statements were material to issues before the grand jury. *United*

---

**3.** We note that it is not unusual for witnesses who have been previously convicted of a crime to be called to testify before the grand jury concerning matters which gave rise to the conviction. *See, e.g., United States v. Frumento*, 552 F.2d 534 (3d Cir. 1977) (en banc); *In re Grand Jury Proceedings*, 509 F.2d 1349 (5th Cir. 1975); *In re Liddy*, 506 F.2d 1293 (D.C.Cir. 1974) (en banc); *United States v. Kelly*, 464 F.2d 709 (5th Cir. 1972).

The First Circuit has stated:

Once granted immunity, the witness was required to testify before the grand jury, aware, as is appellant, that one tribunal already has found his [or her] testimony or defense wanting, and subject to the principle that neither the Fifth Amendment nor a grant of immunity shields a witness from a prosecution for perjured testimony before the grand jury. *In re Poutre*, 602 F.2d 1004, 1005 (1st Cir. 1979), *citing United States v. Mandujano*, 425 U.S. 564, 576, 96 S.Ct. 1768, 1776, 48 L.Ed.2d 212 (1976).

*States v. Phillips, supra*, 540 F.2d at 328; *United States v. Koonce, supra*, 485 F.2d at 381; *see also United States v. Cosby, supra*, 601 F.2d at 756. The government may prove materiality in various ways: for example, it may introduce a transcript of the grand jury proceedings, *e.g., United States v. Damato, supra*, 554 F.2d 1371; it may produce testimony from the foreperson of the grand jury, *e.g., United States v. Saenz*, 511 F.2d 766 (5th Cir. 1975), *cert. denied*, 423 U.S. 946, 96 S.Ct. 356, 46 L.Ed.2d 277 (1975); or it may produce the testimony of the defendant before the grand jury, *e.g., United States v. Jackson, supra*, 640 F.2d at 617. The issue of whether the government has sustained its burden on demonstrating materiality is for the court to decide as a matter of law. *United States v. Jackson, supra*, 640 F.2d at 616 n.2, *citing United States v. Damato, supra*, 554 F.2d at 1373; *Tasby v. United States*, 504 F.2d 332, 337 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975); *United States v. Edwards*, 443 F.2d 1286, 1294 (8th Cir. 1970), *cert. denied*, 404 U.S. 944, 92 S.Ct. 295, 30 L.Ed.2d 259 (1971).

■ Applying these principles to the present case we find that the government did establish the scope of the grand jury's inquiry. Our review of appellant's testimony before the grand jury reveals that the scope of the inquiry was to discover the identity of the other persons involved in the swindle, to obtain information leading to the recovery of the victim's cash and jewelry, and to determine whether there were additional pigeon-dropping schemes perpetrated in North Dakota. The present case is distinguishable from *United States v. Cosby, supra*, 601 F.2d 754, in which the defendant's grand jury testimony was not admitted into evidence and the only evidence of materiality was the testimony of an FBI agent who was assigned to work with the grand jury and the testimony of a witness who merely appeared before the grand jury. In the present case, although it would have been preferable if the govern-

ment had introduced the entire transcript, we conclude that the trial judge had adequate evidence of the scope of the investigation before him and did not err in denying appellant's motion for judgment of acquittal. *See United States v. Jackson, supra*, 640 F.2d at 617.

■ We also conclude that the district court did not err in finding that the false declarations were material to the grand jury's investigation. Appellant's primary contention is that her denial of personal involvement did not prevent the government's attorney from questioning appellant about her knowledge of the activities of others and therefore the present case is analogous to *United States v. Lasater, supra*, 535 F.2d 1041. We disagree.

First we note that this was an investigation of a yet unsolved crime. Appellant had been convicted and thus it was not material to obtain information about her involvement in order to convict her. However, her testimony as a participant would aid the government's understanding and investigation of the scheme. Such information would be of benefit in identifying the other participants and in obtaining a conviction. Blanket denials of involvement are deemed material when they tend to impede the investigation not only as to the involvement of the witness, but also as to the involvement of others. *See United States v. Kekich*, 590 F.2d 750 (8th Cir. 1979) (denial of having placed bets with subject of investigation material because it impeded investigation of gambling operation); *United States v. Williams*, 552 F.2d 226 (8th Cir. 1977) (denial of involvement in payoff scheme deemed material because it impeded investigation of involvement of witness and others); *United States v. Beitling, supra*, 545 F.2d 1106 (denial of having placed bets with subjects of investigation material because it impeded investigation of suspected bribery scheme); *United States v. Phillips, supra*, 540 F.2d 319 (denial of witness that he could arrange protection deemed material because it impeded investigation of in-

volvement of witness and others in illegal gambling and prostitution).[4]

Second, we think that *United States v. Lasater, supra,* 535 F.2d 1041, can be distinguished from the present case on the basis that Lasater did not deny involvement or participation in the business transaction under investigation. Rather, his denials were of specific acts which were peripheral to the grand jury's investigation. Also, we noted that Lasater's testimony revealed that he had knowledge about the transaction but was simply not asked about it. Under those circumstances we concluded that Lasater's denials of specific acts was not material because it did not prevent the government's attorney from questioning him about the business transaction since Lasater's testimony revealed that he had information about the transaction. However, in the present case appellant's blanket denial of involvement did not reveal that she had information about the swindle and thus impeded the grand jury's investigation.

The judgment of the district court is affirmed.

4. Appellant attempts to distinguish these cases on the bases that they concern investigations of the witnesses' own conduct, the witnesses could exercise the right to remain silent, and the witnesses were not called to testify about events for which they had already been convicted. However, the requirement of materiality is addressed to a different issue of fairness, namely, conviction for a false statement that does not impede the investigation. Appellant's main concern is convicting a person of perjury for maintaining his or her innocence. *See* note 3 *supra.*