UNITED STATES of America, Appellee,

v.

Rita ARMILIO, Appellant.

No. 82–2366.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 18, 1983.

Decided May 9, 1983.

Robert G. Ulrich, U.S. Atty., W.D. Missouri, Richard J. Marien, U.S. Dept. of Justice, Kansas City, Mo., for appellee.

Byron Neal Fox, Kansas City, Mo., for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

1. 18 U.S.C. § 1623(a) (1976) provides: "Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both."

2. The Hon. Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

3. 18 U.S.C. § 922(h) (1976) provides:
It shall be unlawful for any person—
(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

ARNOLD, Circuit Judge.

Rita Armilio was found guilty of committing perjury before a grand jury in violation of 18 U.S.C. § 1623 (1976).[1] She was fined $500.00 and sentenced to six months' imprisonment, to be followed by two years' probation. On appeal she contends that the trial court[2] erred because (1) it did not allow the jury to decide whether the false statements were material; (2) it did not expressly state what standard of proof it used to determine whether the false statements were material; and (3) the government failed to introduce sufficient evidence for the court to find that the false statements were material. We affirm.

On April 4, 1980, Missouri police officers Harold Nichols and Randy Collins spotted Ms. Armilio and Carl Civella, a convicted felon, in a vehicle driven by Mr. Civella. The police followed the car to a specialty store, where from a close distance Officer Collins saw Ms. Armilio, in the company of Mr. Civella, purchase a .38 caliber handgun. The police then followed them to the defendant's apartment.

In August 1981 a grand jury was investigating whether Carl Civella violated 18 U.S.C. § 922(h) (1976) and 18 U.S.C.App. § 1202(a) (1976), which prohibit possession of a firearm by a felon.[3] Ms. Armilio testified that a certain Paul Varsalona, not Carl Civella, was with her when she bought the gun. The government then charged Ms. Armilio with committing perjury before the grand jury.

\* \* \* \* \* \*
to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C.App. § 1202(a) (1976) provides:
(a) Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,
\* \* \* \* \* \*
and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

At trial Officers Nichols and Collins testified that Mr. Civella was with Ms. Armilio on April 4, 1980, when the gun was bought. The parties stipulated that the grand jury was investigating whether Carl Civella had possessed a firearm, and the government introduced a transcript of Ms. Armilio's entire testimony before the grand jury. The trial court instructed the jury that materiality was a question of law for the court to decide, and that if the jury found that Ms. Armilio testified falsely "such testimony was material and relevant to the investigation then being conducted by the Grand Jury." (Tr. 190). The jury returned a verdict of guilty.

■ 18 U.S.C. § 1623 makes it a crime to give false *material* testimony before a grand jury. *E.g., United States v. Beitling,* 545 F.2d 1106, 1109 (8th Cir.1976), *cert. denied,* 430 U.S. 918, 97 S.Ct. 1334, 51 L.Ed.2d 597 (1977). It is for the court and not the jury to decide the issue of materiality, and the courts have long so held. *E.g., Sinclair v. United States,* 279 U.S. 263, 298, 49 S.Ct. 268, 273, 73 L.Ed. 692 (1929); *United States v. Ostertag,* 671 F.2d 262, 265 (8th Cir.1982). Ms. Armilio's contention to the contrary is without merit.[4]

The defendant next argues that the trial court erred by not expressly stating what standard of proof it applied to determine materiality—"beyond a reasonable doubt" or "preponderance of the evidence." This failure, it is alleged, prevents us from properly reviewing the court's decision.

■ The standards of proof for making findings of fact are, however, simply irrelevant to the determination of materiality.

4. The defendant asks us to reconsider *Sinclair v. United States* "in light of developing trends in Constitutional law." Brief for Appellant at 12. Even if we were to agree with the defendant's argument, we could not reevaluate a decision of the Supreme Court of the United States.

5. In *United States v. Koonce, supra,* 485 F.2d at 381, this Court noted that the evidence of materiality fell "short of the 'clear, convincing and direct evidence' required by *Brown v. United States,* 245 F.2d 549, 556 (8th Cir.1957) to sustain a conviction, as the testimony does not bear upon the question of whether the statements had the tendency to influence, mislead,

False testimony is material if it tends to impede or hamper the grand-jury investigation. *E.g., LaRocca v. United States,* 337 F.2d 39, 43 (8th Cir.1964). Whether it does so is a legal question for the court to decide and not a question of fact. *E.g., United States v. Ostertag, supra,* 671 F.2d at 265.

> A question of law is by definition susceptible of only two answers: "yes," the requirements of legal principle are met or "no," they are not met. There is, in theory at least, no continuum of assurance and dubiosity as to the establishment of a proposition of law similar to the varying degrees of certainty and uncertainty which may be ascribed to propositions of fact.

*United States v. Watson,* 623 F.2d 1198, 1202 (7th Cir.1980).

Although materiality is a question of law, its proper determination "depends upon the factual situation in which the testimony was given." *United States v. Koonce,* 485 F.2d 374, 380–81 (8th Cir.1973). The government must, therefore, introduce evidence of what the grand jury was investigating, and of what testimony the defendant gave. Materiality is a legal term describing a relationship between these two sets of facts. By submitting, for example, a transcript of the grand-jury proceedings, the government enables the trial court to assess a multiplicity of facts and decide as a *matter of law* whether the perjured statements were material to the grand jury proceedings. See *United States v. Byrnes,* 644 F.2d 107, 111 (2d Cir.1981); *United States v. Giacalone,* 587 F.2d 5, 7 (6th Cir.1978), *cert. denied,* 442 U.S. 940, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979).[5]

> or hamper the grand jury's investigation ...." This "clear, convincing and direct evidence" language does not articulate a standard for weighing the evidence, but requires that the government present particular kinds of evidence for the court to review. The government must, for example, introduce evidence of the scope of the grand-jury investigation. It would, moreover, be improper for the government to base its argument on isolated or insignificant misrepresentations made during the course of extensive questioning. The defendant's entire grand-jury testimony might have to be examined to determine materiality. *Brown v. United States, supra,* 245 F.2d at 555–56.

The defendant next argues that the government failed to furnish enough evidence for the trial court to determine the scope of the grand jury investigation and the materiality of Ms. Armilio's false testimony. This argument is also without merit.

The trial court had before it Exhibit 1, a stipulation which stated the scope of the grand jury investigation.

On or about August 26, 1981, there was pending before a Special Grand Jury of the United States in the Western District of Missouri, a proceeding; that is, an investigation of possible violations of Title 18, United States Code, Sections 922(h) and 1202(a) of the Appendix, involving possession of a firearm by a felon, Carl Civella. The defendant, Rita Armilio, appeared before this Special Grand Jury on August 26, 1981, and while under oath, testified in response to questions as set forth in the indictment.

When she appeared before the grand jury, the government advised Ms. Armilio of what was being investigated (Gov. Ex. 2, p. 3). At the perjury trial, the government introduced a record of Ms. Armilio's entire grand-jury testimony. She testified that when she went to buy the weapon she was accompanied by Mr. Varsalona (*id.* p. 13), and not by Mr. Civella.

Q. Miss Armilio, quite frankly, was Mr. Civella with you that day when you got that weapon?

A. No, he wasn't. No, he was not. I would not ask Mr. Civella to go with me to get a weapon. Number one, I know he's not supposed to be anywhere near guns or anything like that. And I think he has got better sense. He wouldn't have gone if I asked him. No, he was not with me.

(*Id.* pp. 23–24).

Ms. Armilio was called to testify before a grand jury that was investigating whether Carl Civella had possessed a firearm. She denied that Mr. Civella accompanied her to buy a gun. The jury that tried the perjury case found that she had not told the truth to the grand jury. Her perjured testimony certainly tended to impede or hamper the grand-jury investigation of whether Mr. Civella unlawfully possessed a firearm. We have examined the transcript of defendant's testimony before the grand jury, and we are satisfied that there was sufficient evidence for the District Court to decide that Ms. Armilio's false testimony was material.[6]

The judgment is affirmed.

---

6. Ms. Armilio contends that it was not enough for the prosecution to furnish her testimony; she says that a record of the entire testimony before the grand jury should have been submitted. We have explicitly held, however, that "[t]he government may prove materiality in various ways: for example, it may introduce a transcript of the grand jury proceedings ...; it may produce testimony from the foreperson of the grand jury ...; or it may produce testimony of the defendant before the grand jury ...." *United States v. Ostertag, supra,* 671 F.2d at 265 (citations omitted).