UNITED STATES of America, Appellee,

v.

**Larry Lee ASHBY, Appellant.**

No. 84–1661.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1984.

Decided Nov. 13, 1984.

---

**468**

Patrick Payton, Des Moines, Iowa, for appellant.

Guy R. Cook, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Larry Lee Ashby appeals from the final judgment entered in the United States District Court[1] for the Southern District of Iowa finding him guilty of making false material declarations under oath before a grand jury, in violation of 18 U.S.C. § 1623.[2] For reversal appellant argues that the district court erred in concluding that the alleged false declarations were material to the scope of the grand jury investigation. For the reasons set forth below, we affirm the district court.

**Facts**

On May 3, 1983, appellant testified before the United States Grand Jury for the Southern District of Iowa pursuant to a subpoena. The grand jury was investigating a bank robbery which occurred on April 22, 1983. Two individuals, Eddie Tyrone

[1] The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

[2] 18 U.S.C. § 1623 provides in relevant part:

Whoever under oath * * * in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration * * * shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Wells and Harold Eugene McQuarry, had been arrested by police shortly after the robbery near the scene of the crime. Appellant was suspected of driving Wells and McQuarry to a certain location to borrow the car used in the robbery shortly before the commission of the crime.

Under oath before the grand jury appellant testified in response to the prosecutor's questions as follows:

Q. And when is the last time you saw Mr. McQuarry?

A. It's been a while.

Q. What's a while?

A. I don't know, back in the 60's.

Q. Did you see Mr. McQuarry on April 22, 1983, in the afternoon?

A. Not as far as I know.

 * * * * * *

Q. Isn't it a fact sir that at approximately 2:15 you and Mr. Wells left 1170 18th Street and went to the east side to pick up Harold McQuarry.

A. No sir.

 * * * * * *

Q. You did not take Mr. Wells and Mr. McQuarry to West Des Moines to the Anderson residence to borrow a car?

A. No sir.

Q. Are you sure of that?

A. Yes.

The grand jury subsequently indicted Wells and McQuarry for the bank robbery. Wells pled guilty to a lesser and included offense and McQuarry stood trial. At McQuarry's trial both McQuarry and Wells testified that appellant drove them to Anderson's house on the day of the robbery. McQuarry was convicted by the jury. Shortly thereafter appellant was indicted for violating 18 U.S.C. § 1623. The indict-

ment charged that the testimony of appellant, previously set out in this opinion, constituted perjury before the grand jury. Appellant pled not guilty and waived his right to a jury trial.

At the perjury trial the government introduced the transcript of appellant's testimony before the grand jury and called the foreman to establish the scope of the proceedings rather than introduce the entire transcript of the grand jury investigation. The foreman testified that appellant was subpoenaed because the grand jury wanted a witness who could place Wells and McQuarry with the car prior to the robbery, wanted to ascertain if more individuals were involved in a possible conspiracy to rob the bank, and wanted to reconstruct the events leading up to the crime they were investigating. Wells and McQuarry testified that it was the appellant that drove them to Anderson's house on April 22, 1983. Appellant put on no evidence and rested his case at the close of the government's case.

On April 19, 1984, the trial court found appellant guilty of making false material declarations to the grand jury in violation of 18 U.S.C. § 1623. The trial court found that only appellant's answers to the second and third questions, previously set out, were false and knowingly made by appellant. The court concluded these false statements were material to the grand jury investigation because appellant's denial of contact with McQuarry on the day of the robbery precluded further inquiry into the actions of McQuarry as they might have related to preparation for the robbery and the involvement of others in a possible robbery conspiracy. Lastly the court held that appellant was not entitled to a warning against self-incrimination before testifying before the grand jury and that in a perjury case the declaration alleged to be false must be set forth in the indictment.[3]

---

**3.** The trial court's conclusion that the declaration alleged to be false must be set forth in the indictment is not a necessary or accurate statement of the law in the factual context of this case. The indictment charging appellant set forth the precise testimony alleged to be false.

Further it has been held that a perjury indictment need not set forth the exact words of perjured testimony but need only set out such testimony in substance. *United States v. Ras,* 713 F.2d 311, 318 (7th Cir.1983); *United States v. Rook,* 424 F.2d 403, 405 (7th Cir.), *cert. de-*

Appellant was subsequently sentenced to an 18-month prison term and this timely appeal was filed.

On appeal appellant first argues that the government failed to furnish enough evidence for the trial court to determine the scope of the grand jury investigation because the government failed to introduce the entire transcript of the grand jury proceeding. Appellant contends that the testimony of the foreman of the grand jury was insufficient to establish the scope of the inquiry. Next, appellant argues that his alleged false declarations were not material because they were incapable of influencing the issue before the grand jury which appellant limits to the question of whether to indict Wells and McQuarry. Appellant maintains that the bank robbery was a solved crime, that he denied specific conduct that was peripheral to the investigation and that his responses did not prevent the prosecutor from asking appellant what he knew of the crime.

In response the government contends it adequately established the scope of the grand jury inquiry through the foreman's testimony and that appellant's false declarations were material to the grand jury investigation. It is the government's view that the trial·court did not err when it concluded that some of appellant's declarations were false and material as a matter of law.

**Discussion**

 It is well settled in this circuit that the test for determining materiality in the context of a violation of 18 U.S.C. § 1623 is whether the allegedly perjurious statement tends to impede or hamper the course of the investigation by the· grand jury. *United States v. Bednar*, 728 F.2d 1043, 1047 (8th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 110, 83 L.Ed.2d 54 (1984); *United States v. Varsalona*, 710 F.2d 418, 421 (8th Cir.1983); *United States v. Ostertag*, 671 F.2d 262, 264 (8th Cir.1982). Materiality is a question of law for the court to decide but is dependent upon the factual situation in which the testimony is given.

*United States v. Armilio*, 705 F.2d 939, 941 (8th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 235, 78 L.Ed.2d 227 (1983).

 In essence, appellant presents a dual attack on the district court's legal conclusion of materiality. First, he questions the sufficiency of the government's evidence to prove the scope of the grand jury investigation because the trial court did not have before it a transcript of the entire proceedings of the grand jury. This argument is unpersuasive because a transcript of the entire proceedings was not necessary under the facts of this case, nor is it a requirement of a materiality determination. This court has explicitly held "[t]he government may prove materiality in various ways: for example, it may introduce a transcript of the grand jury proceedings * * *; it may produce testimony from the foreperson of the grand jury * * *; or it may produce the testimony of the defendant before the grand jury * * *." *United States v. Ostertag, supra*, 671 F.2d at 265 (citations omitted). A transcript of the entire proceedings of the grand jury may have been preferable to the trial court in deciding one issue, but it was not essential to determining the scope of this grand jury investigation. We note that the district court had both the testimony of the grand jury foreman *and* the testimony of appellant before the grand jury. Further, this was not a complex case. The grand jury was investigating a single bank robbery and the foreman specifically stated to the court that the grand jury wanted a witness who could place Wells and McQuarry with the car before the robbery and wanted to know if others were involved in a possible conspiracy to rob the bank. We conclude that the trial judge had adequate evidence of the scope of the grand jury investigation before him.

The second and main prong of appellant's attack on the trial court's determination of materiality is that his alleged false declarations did not hamper or impede the grand jury because the bank robbery was a

*nied*, 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550 (1970).

solved crime. Appellant's primary contention is that his denial of personal contact with McQuarry on the day of the robbery did not prevent the government's attorney from questioning him about his knowledge of the crime. It is in this regard that appellant contends his case is analogous to *United States v. Lasater*, 535 F.2d 1041 (8th Cir.1976) and that his conviction should be reversed. This argument also fails.

We reject appellant's characterization of his declarations as denials of specific acts only peripheral to the grand jury's investigation and encounter no difficulty in distinguishing his case from *Lasater*. In the instant case the grand jury was investigating a bank robbery and knowledge of events in preparation for the robbery and knowledge of other possible participants were relevant avenues of inquiry and not tangential to the investigation. Knowing who took Wells and McQuarry to Anderson's house to borrow the car used in the robbery was substantively related to the *modus operandi* of the robbery itself as well as to the issue of possible additional participants or coconspirators.

Nor can appellant successfully argue that his declarations did not tend to impede the course of the grand jury investigation. Appellant's denial of contact with McQuarry on the day of the robbery deprived the grand jury of knowledge of the actual preparations that were undertaken, of the extent and identities of other possible participants or coconspirators, and of a solid witness who could place McQuarry with the car before the robbery. It is quite obvious that such information would be of benefit in determining if appellant himself was involved and in obtaining a conviction against McQuarry. *See, e.g., United States v. Ostertag, supra,* 671 F.2d at 265. Accordingly, we conclude that the district court did not err in determining that appellant made false statements under oath to the grand jury that were material to the scope of its inquiry and in so doing, impeded the proper course of the grand jury investigation.

The judgment of the district court is affirmed.