651 F.Supp. 672 (1986)
Leonard G. BEDNAR, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 85-2625C(1).
United States District Court, E.D. Missouri, E.D.
November 19, 1986.
*673 Leonard G. Bednar, pro se.
Terry I. Adelman, Asst. U.S. Atty., St. Louis, Mo., for the U.S.

ORDER AND MEMORANDUM
NANGLE, Chief Judge.
Upon consideration of the record, the review and recommendation of the Honorable William S. Bahn, United States Magistrate, and the objections thereto,
IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 be and is denied.
This case is now before the Court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The petitioner, Leonard Bednar, was convicted on three counts of making false material declarations before a grand jury in violation of 18 U.S.C. § 1623 and on one count of making false entries on the books and records of Stix & Co., Inc. in violation of 15 U.S.C. §§ 78q-78ff.
The petitioner's motion raises four grounds for relief, including the Sixth Amendment confrontation clause, the insufficiency of the indictment, the insufficiency of the evidence, and the Fifth Amendment due process clause. For the reasons set out below, this Court denies petitioner's motion.
As petitioner argues, the use at trial of the grand jury testimony of FBI Agent Gully violated petitioner's right to confront and cross-examine his accusers. As the government responded and the Magistrate concluded, the testimony of Agent Gully was introduced to prove the materiality of Bednar's statements before the grand jury. To show a violation of § 1623, the government must prove that the alleged perjurous statements were material to the issues considered by the grand jury. United States v. Bednar, 728 F.2d 1043, 1047 (8th Cir. 1984), cert. denied, 469 U.S. 827, 105 S.Ct. 110, 83 L.Ed.2d 54 (1984); United States v. Ostertag, 671 F.2d 262, 264 (8th Cir.1982). Consequently, the alleged perjurous statements must be considered within the context of the grand jury's investigation. See Bednar, 728 F.2d at 1047. The use of the grand jury transcripts are admissible for this purpose. See United States v. Armilio, 705 F.2d 939, 941 (8th Cir.1983), cert. denied, 464 U.S. 891, 104 S.Ct. 235, 78 L.Ed.2d 227 (1983) (approving submission of grand jury transcript for materiality determination). Thus, the admission of the grand jury testimony of Agent Gully was appropriate and did not violate petitioner's constitutional rights.
As petitioner asserts, the indictment alleged inadequately the element of intent. Regarding the three perjury counts, the indictment alleged the petitioner knowingly made false, material declarations knowing said declarations to be false when made. Regarding the false recordkeeping count, the indictment alleged the petitioner willingly and knowingly caused the false *674 records to be made, well knowing such records contained false information.
To be sufficient, an indictment need contain merely the elements of the offense charged, informing the defendant of the charges against him and enabling him to invoke a double jeopardy defense in subsequent proceedings. United States v. Lame, 716 F.2d 515, 518 (8th Cir.1983). This Court concludes that the indictment on which petitioner was convicted set out the intent element sufficiently on both the perjury counts, United States v. Oberski, 734 F.2d 1034, 1035 (5th Cir.1984), cert. denied, 469 U.S. 1113, 105 S.Ct. 797, 83 L.Ed.2d 790 (1985), and false recordkeeping count, United States v. Schwartz, 464 F.2d 499, 509 (2d Cir.1972), cert. denied, 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302 (1972). Therefore, petitioner's motion for relief on this ground is denied.
As his third ground for relief, the petitioner asserts that the evidence was insufficient to conclude that he lied to the grand jury. An attack on the sufficiency of the evidence is not cognizable under § 2255. Houser v. United States, 508 F.2d 509, 516 (8th Cir.1974). Moreover, the petitioner raised this ground on direct appeal and was denied relief. Bednar, 728 F.2d at 1047.
Alternatively, this Court denies the petitioner's motion on its merits. The petitioner's convictions on Counts I, II, and III are based upon false statements made in response to questions asked of the petitioner before the grand jury. Based upon his own interpretation of the questions, the petitioner argues that he did not answer falsely. In determining the falsity of a defendant's answer, neither the court nor the jury must accept a defendant's post hoc interpretation of the question or answer. United States v. Chapin, 515 F.2d 1274, 1280 (D.C.Cir.1975), cert. denied, 423 U.S. 1015, 96 S.Ct. 449, 46 L.Ed.2d 387 (1975). At trial, the jury rejected the defendant's interpretation. This Court now does likewise.
The petitioner asserts a fourth and final ground for relief based upon the government's knowing use of perjured testimony to obtain the petitioner's conviction. A conviction obtained through the use of perjured testimony, known to be such by the prosecutor, violates due process. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959). A new trial is required if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972) (quoting Napue, 360 U.S. at 271, 79 S.Ct. at 1178); see also United States v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976).
The petitioner points to two pieces of alleged perjured testimony from Denise Hertlein. As the petitioner argues, he was not supervising Hertlein during January, 1980 and, therefore, could not have instructed her not to mail certain tax forms. Before the grand jury, Hertlein testified that the petitioner was her supervisor from approximately 1976 to 1979. At trial, she testified that petitioner was her supervisor from approximately 1976 to 1980. This apparent discrepancy is not significant because Hertlein qualified her testimony by giving approximate dates. Furthermore, other government witnesses corroborated the 1980 date. Given the corroborating testimony, there is no reasonable likelihood that the judgment of the jury was affected by the arguable discrepancy in the testimony.
The second alleged perjured testimony regards Hertlein's testimony whether the petitioner's co-defendant, Brimberry, was present when certain new account cards were completed. Both before the grand jury and at trial, Hertlein testified that Brimberry may or may not have been in the room with Bednar. However, the important point with regard to the petitioner's conviction is that the petitioner  not Brimberry  supplied the information for the account card. On this point, Hertlein's testimony is clear and consistent.
*675 For the above reasons, the instant petition for relief under § 2255 is denied.