UNITED STATES of America

v.

Ajibola J. EDUN.

No. 90 C 5559.

United States District Court,
N.D. Illinois, E.D.

Nov. 5, 1990.

Fred L. Foreman, U.S. Atty. by Francis C. Lipuma, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Ajibola J. Edun, pro se.

### ORDER

BUA, District Judge.

Petitioner Ajibola J. Edun moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner was found guilty in a bench trial of conspiring to import heroin; conspiring to possess heroin with intent to distribute; using or carrying a firearm during and in relation to a drug trafficking crime; and using a communication facility to commit these of-

fenses. His conviction was affirmed by the Seventh Circuit. *See United States v. Edun,* 890 F.2d 983 (7th Cir.1989). Petitioner asserts four grounds in support of his motion: (1) insufficient evidence to support his conviction under 18 U.S.C. § 924(c) for carrying and using a firearm during and in relation to a drug trafficking offense; (2) failure of the district court to make special and general findings under Fed.R.Crim.P. 23(c) with respect to the § 924(c) conviction; (3) ineffective assistance of counsel for failure to request special findings and to raise the § 924(c) charge in his motion for judgment of acquittal; and (4) ineffective assistance of counsel for failure to raise an insufficient evidence claim on appeal for the "carry or use" and "in relation to" elements of § 924(c). As none of these grounds are sustained by the record, petitioner's motion is denied.

■ Petitioner first argues that there was insufficient evidence of the "carry and use" and "in relation to" elements to support his conviction under 18 U.S.C. § 924(c). "An attack on the sufficiency of the evidence is not cognizable under § 2255." *Bednar v. United States,* 651 F.Supp. 672, 674 (E.D.Mo.1986), *aff'd,* 855 F.2d 859 (8th Cir.1988); *United States v. Norton,* 539 F.2d 1194, 1195 (8th Cir.1976). Petitioner has already received a hearing in federal court on whether sufficient evidence existed to find him in violation of § 924(c). This court made the determination at petitioner's bench trial that sufficient evidence existed to find petitioner guilty beyond a reasonable doubt of four of the violations charged against him, including the § 924(c) offense. The Seventh Circuit affirmed the conviction on direct appeal after considering petitioner's claims of insufficiency of evidence and lack of credible witness testimony. Further review would be equivalent to beating a dead horse. Even if this court were to consider the merits of petitioner's insufficiency of evidence argument, this court can find no reason to retreat from its prior ruling that sufficient evidence existed to find defendant guilty beyond a reasonable doubt of violating § 924(c).

■ Petitioner next claims that the district court erred in not making special and general findings relating to the § 924(c) violation. Under Fed.R.Crim.P. 23(c), a district court in a trial without a jury need only find facts specially *upon request. See United States v. Brown,* 716 F.2d 457, 462 (7th Cir.1983). Defendant admits that neither he nor his counsel requested a special finding of the facts. As for general findings, the district court made an adequate general finding when he pronounced petitioner guilty beyond a reasonable doubt of four of the offenses charged in the indictment, which offenses included the § 924(c) charge. To hold petitioner in violation, the court necessarily found that every element of § 924(c) was proved beyond a reasonable doubt. Further, petitioner has not claimed any prejudice resulting from the nature of the general findings.

Petitioner's next two claims challenge the adequacy of his representation. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) sets forth the showing a defendant must make in order to raise an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064.

■ When assessing the performance of counsel, a court must "determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066. Petitioner claims that his counsel was deficient because counsel did not ask for special findings under Fed.R.Crim.P. 23(c) and did not argue the § 924(c) charge in his

motion for judgment of acquittal. It is not incumbent on defense counsel in every case to ask for special findings. A complete expression of general findings may make special findings unnecessary. Such were the circumstances in petitioner's case. With regard to the motion for judgment of acquittal, counsel chose to concentrate in his argument on the lack of credibility of the primary government witness. Petitioner's counsel made a strategic move to place emphasis on the area which, in his eyes, had the greatest likelihood of success. This decision is certainly within the realm of professionally reasonable judgments. *See Strickland,* 466 U.S. at 699, 104 S.Ct. at 2070. In any event, the district court considered the sufficiency of evidence for the § 924(c) count in its determination of counsel's motion for judgment of acquittal and found that relevant evidence existed from which defendant could be found guilty beyond a reasonable doubt.

Petitioner asserts a further ineffective assistance of counsel claim based on counsel's determination not to argue on direct appeal that insufficient evidence existed to support the "carry and use" and "in relation to" elements of § 924(c). Petitioner again calls into question a strategic decision made by his counsel. Counsel determined that the government's case was weakest with regard to the knowledge element of § 924(c). For that reason, counsel directed his best efforts towards arguing this element. "[T]he right to effective assistance of appellate counsel does not require an attorney to advance every conceivable argument on appeal which the trial record supports." *Gray v. Greer,* 800 F.2d 644, 647 (7th Cir.1985). Counsel's strategic choice is well within the range of professionally reasonable judgments. Therefore, this court finds that petitioner received effective assistance of counsel. Since petitioner has failed to prove the cause element of both of his ineffective assistance of counsel claims, this court need not address the prejudice element of the *Strickland* test in order to find that petitioner's assertions lack merit.

 Finally, there is no need in this case to hold an evidentiary hearing. A § 2255 motion can be denied without an evidentiary hearing when the record conclusively demonstrates that a defendant is entitled to no relief. *United States v. Kovic,* 830 F.2d 680, 692 (7th Cir.1987), *cert. denied,* 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988). The record in this case demonstrates no basis for relief. Therefore, petitioner's motion to vacate, set aside or correct his sentence is denied without an evidentiary hearing.

IT IS SO ORDERED.