UNITED STATES of America, Appellee,

v.

Sheila M. BAILEY, Appellant.

No. 85–5038.

United States Court of Appeals,
Fourth Circuit.

Submitted June 26, 1985.

Decided August 5, 1985.

Audrey F. Jacobs, Richmond, Va., on brief, for appellant.

Elsie L. Munsell, U.S. Atty., Alexandria, Va., William G. Otis, Asst. U.S. Atty., Alexandria, Va., James R. Spencer, Asst. U.S. Atty., Washington, D.C., on brief, for appellee.

Before RUSSELL, PHILLIPS and ERVIN, Circuit Judges.

PER CURIAM:

Sheila M. Bailey appeals her conviction of perjury, arguing that the evidence was insufficient to prove that her false statement to the grand jury was material to its investigation. We affirm the judgment of conviction.

█ Bailey's perjury conviction was based upon the following excerpt from her testimony before a Richmond, Virginia grand jury on September 17, 1984:

Q. Now this is another question I want you to listen to very carefully, Ms. Bailey. Have you ever been to 11860 Charterhouse Drive in Chesterfield County?

A. No.

Bailey correctly argues on appeal that the government bears the burden of proving that her false response to this question was capable of influencing the grand jury on the issue before it. *United States v. Jackson,* 640 F.2d 614, 616 (8th Cir.), *cert. denied,* 454 U.S. 1057, 102 S.Ct. 605, 70 L.Ed.2d 594 (1981). She also correctly maintains that the determination of materiality presents a question of law to be resolved by the court rather than the jury. *United States v. Alu,* 246 F.2d 29, 32 (2d Cir.1957).

█ Here, the district court found, both on a motion to strike at the close of the government's evidence and on a motion for judgment of acquittal after the jury returned its verdict, that the false testimony with which Bailey was charged was material to the grand jury's investigation. We reject Bailey's contention that the evidence before the district court was inadequate to support this finding and affirm the judgment of the district court.

At Bailey's trial, the government introduced into evidence the complete transcripts of Bailey's testimony before the grand jury on August 20, 1984 and Septem-

ber 17, 1984. These transcripts reflect that the grand jury was investigating the activities of Shawn Denvers, and that Bailey, at her September 17, 1984 appearance, denied knowing Denvers and denied ever having been to 11860 Charterhouse Drive. The nature of the grand jury's investigation was further established by witness Mary Taylor's testimony regarding her own appearance before the grand jury. Taylor testified before the grand jury and at Bailey's perjury trial that she and Bailey worked for Denvers as prostitutes; that Denvers lived at 11860 Charterhouse Drive; and that Bailey brought money earned through prostitution to Denvers at that address.

We think this evidence adequately demonstrated that Bailey's denial of having been to the Charterhouse address was capable of influencing the grand jury in its investigation. The full transcripts of Bailey's grand jury testimony when considered with the evidence provided by Taylor established the nature of the grand jury's inquiry and the nexus between that inquiry and Bailey's false statement. *See United States v. Ostertag,* 671 F.2d 262, 264–65 (8th Cir.1982).

We accordingly affirm the judgment of conviction. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by argument.

AFFIRMED.