**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5639

AARON R. DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-144-A)

Argued: December 6, 1996

Decided: February 24, 1997

Before WIDENER, MURNAGHAN, and NIEMEYER,
Circuit Judges.

_____

Reversed and remanded for a new trial by unpublished per curiam
opinion. Judge Niemeyer wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Frank Salvato, Alexandria, Virginia, for Appellant. Kath-
erine Mary Kelly, OFFICE OF THE UNITED STATES ATTOR-
NEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen F.
Fahey, United States Attorney, Elisabeth Sachs, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Aaron Davis was convicted of making false statements to a grand jury. Davis, an inmate of the Lorton Reformatory Correctional Complex, resided in the cell block occupied by Michael Martin, another Lorton inmate, who was killed in the cell block. As a result, the testimony of Davis was sought by the grand jury investigating the death and probable murder of Martin. Brought before the grand jury, Davis first declined to answer questions, asserting the Fifth Amendment to the Constitution. However, having stated that he knew he was not involved in Martin's death, he was told that he had no basis for assertion of the Fifth Amendment on the grounds of self-incrimination. Davis also requested an attorney, but after being informed that a lawyer is not allowed to be present inside the grand jury room, Davis testified before the grand jury that he did not see James Cowan fighting or arguing with Martin.

When Cowan was tried for the murder of Martin, Davis testified that he saw Cowan and Martin fighting on the night of Martin's death. Following Cowan's trial (and conviction) of first degree murder, an indictment was returned charging Davis under 18 U.S.C. § 1623 with false declarations either before the grand jury or at Cowan's trial. At Davis' trial, the government presented proof that the grand jury testimony was not true. The district court instructed the jury that whether Davis' statements before the grand jury were material was a question to be decided by the court, not the jury. The district court ruled that Davis' statements to the grand jury were material. As a result, Davis was convicted and sentenced to 60 months in prison, two years of supervised release and a $50 special assessment.

I.

On appeal, Davis principally relied on United States v. Gaudin, ___ U.S. ___, 115 S.Ct. 2310 (1995), which made materiality a factual

2

question to be decided by the jury, not the court. The Supreme Court held that:

> The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The trial judge's refusal to allow the jury to pass on the "materiality" of Gaudin's false statements infringed that right.

Gaudin, 115 S.Ct. at 2320. Prior to the Gaudin decision, in the Fourth Circuit the determination of materiality was treated as a question of law to be resolved by the court. See United States v. Bailey, 769 F.2d 203 (4th Cir. 1985). Post-Gaudin, the Fourth Circuit in United States v. David, 83 F.3d 638 (4th Cir. 1996), reversed a conviction and required a new trial in a false statement case like the one involving Davis, where the question of materiality was removed from the jury.

Since Davis failed to object to the district court's jury instruction of the materiality question, our standard of review is for plain error. United States v. Olano, 507 U.S. 725 (1993); United States v. Floresca, 38 F.3d 706 (4th Cir. 1994). We have no difficulty concluding that the failure to submit the materiality determination to the jury 1) was error, 2) was plain, and 3) affected substantial rights. Olano, 507 U.S. at 732-34. The fact that Davis was prosecuted under 18 U.S.C. § 1623 while both Gaudin and David concerned 18 U.S.C. § 1001 prosecutions does not affect the court's analysis since all three cases involved materiality as an element of the offense. Nor is plain error avoided as in United States v. Cedelle, 89 F.3d 181 (4th Cir. 1996), where serious error occurred but substantial rights were not affected. Therefore, we are satisfied that Davis is entitled to a reversal of his conviction and a remand for a new trial.

II.

Davis, however, also seeks for us to order entry of a judgment of acquittal. He claims that the testimony to the grand jury was not material and also relies on further Fifth and Sixth Amendment rights. In United States v. Flowers, 813 F.2d 1320 (4th Cir. 1987), the Fourth Circuit held that in order to sustain a conviction under 18 U.S.C. § 1623, the government must show that each of the inconsistent decla-

3

rations was "material to the point in question at the proceeding in which it was uttered." Id. at 1324. Thus, the government must show that the statement had "a natural tendency to influence, or is capable of influencing, the decision of the fact finder." Id., at 1324-25. The standard of review requires the court to view the evidence in a light most favorable to the government. Id. Viewing the evidence in a light most favorable to the government, the appearance of Davis on the scene when Martin was killed and his acquaintance with Cowan could readily lead the jury to conclude that a statement that there was or was not a Cowan/Martin fight was capable of influencing the grand jury.

As for the Fifth Amendment claim, Davis' hesitance to answer questions in the face of his admitting that he did not fear self-incrimination, was insufficient as a basis for asserting the privilege. Davis' Sixth Amendment contention also fails. The right to counsel for Sixth Amendment purposes does not attach at the grand jury stage because criminal proceedings have not been initiated. United States v. Williams, 504 U.S. 36, 49 (1992); United States v. Mandujano, 425 U.S. 564, 581 (1976).

Accordingly, the judgment is reversed and remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL

NIEMEYER, Circuit Judge, dissenting:

Testifying before a grand jury investigating the death of Michael Martin, an inmate at Lorton Reformatory Correctional Complex, fellow inmate Aaron Davis stated that he did not see James Cowan, also an inmate, argue or fight with Martin. At Cowan's trial for Martin's murder, however, Davis testified that in fact he did see Cowan and Martin fighting on the night of Martin's death. Based on Davis' conflicting statements, the government indicted Davis for perjury in violation of 18 U.S.C. § 1623.

At Davis' trial, the district court did not, consistent with circuit precedent at the time, submit to the jury the question of whether Davis' false testimony was material. After that trial, however, the Supreme

4

Court handed down its decision in <u>United States v. Gaudin</u>, 115 S. Ct. 2310 (1995), requiring that the question of materiality be submitted to the jury and not be decided by the court. Because of that change in law, the majority has now ordered a new trial, concluding that the forfeited error was plain error that affected substantial rights. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725 (1993).

In ordering a new trial, however, the majority has failed to determine whether we should exercise our discretion not to notice the error under standards established by both <u>Olano</u> and our decision in <u>United States v. Cedelle</u>, 89 F.3d 181 (4th Cir. 1996). Dismissing the controlling effect of <u>Cedelle</u>, the majority has stated simply, "Nor is plain error avoided as in [<u>Cedelle</u>], where serious error occurred but substantial rights were not affected." This conclusion is, I submit, a misreading of <u>Cedelle</u>.

In <u>Cedelle</u>, the district judge failed to instruct the jury that the government had the burden of proving that Cedelle <u>knew</u> that one of the persons depicted in sexually explicit material was a minor. In failing to instruct the jury on an element of the crime, we concluded, contrary to what the majority has reported in this case, that "the error affected Cedelle's substantial rights." <u>Id.</u> at 185. In <u>Cedelle</u>, however, we pointed out that even when we find plain error that affects substantial rights, we must still exercise discretion whether to notice the error. <u>Id.</u> And we notice error:

> only if in the context of the proceedings taken as a whole, the error either led to the conviction of a defendant who is actually innocent or otherwise seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.

<u>Id.</u> at 185 (citations and internal quotes omitted). Deciding not to notice the error in <u>Cedelle</u>, we focused on the nature of the evidence as follows:

> Consequently, even if the proper instruction had been given, Cedelle's conviction was inevitable. Under these circumstances, to expend the judicial resources necessary for a retrial would be more detrimental to the fairness, integrity,

5

and public reputation of judicial proceedings than permitting Cedelle's conviction to stand.

Id. at 186. I believe that that conclusion also applies to the case before us.

There is no question that Davis' testimony about whether he witnessed a murder was material to an investigation into that murder. Before the grand jury, Davis testified that he did not see the fight on the evening of the murder. At trial, Davis, motivated by a desire to support Cowan's self-defense theory, testified that he did see the fight. There can be no question that the false testimony was material. To order a retrial in these circumstances would, in my judgment, be a hollow ritual, more detrimental to the fairness, integrity, and public reputation of these judicial proceedings than affirming the conviction. Accordingly, I would affirm.

6